**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**CASE NO.:   8:26-CV-02010**

DION HARDING,

     Plaintiff,

v.

EQUIFAX INFORMATION

SERVICES, LLC.,

     Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff DION HARDING, by and through undersigned counsel, brings this action against Defendant EQUIFAX INFORMATION SERVICES, LLC. hereinafter ("Equifax") or ("Defendant"), and alleges violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a–x ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, and costs brought pursuant to the FCRA. The central claim is that Defendant violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information contained in Plaintiff's consumer file by omitting full account numbers, account information, original creditors, and payment history for multiple tradelines, as well as failing to disclose all information in Plaintiff's file that Defendant had the ability to furnish to third parties, regardless of whether such information was maintained by Defendant or an associated consumer reporting agency.

2. One of the central purposes of the disclosure requirement in 15 U.S.C. § 1681g(a)(1) is to enable consumers to identify inaccurate information in their credit files and correct it through the dispute

procedure set out in 15 U.S.C. § 1681i. To satisfy that purpose, a consumer reporting agency must do more than merely disclose information that is technically accurate. The disclosure must also be presented in a way that allows the consumer to compare the information in the file with her own records and determine whether it is accurate. *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007); *TransUnion LLC v. Ramirez,* 594 U.S. 413, 440 (2021) ("[T]he disclosure and summary-of-rights requirements are designed to protect consumers' interest in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.").

3. In requiring disclosures to be made "clearly and accurately," Congress recognized that an accurate disclosure that is unclear still prevents meaningful review of the file and undermines a consumer-protection procedure created by the FCRA.

4. The FCRA's "file" is broadly defined as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). This definition is distinct from and broader than the definition of a "consumer report." *Nunnally v. Equifax Info. Servs.*, LLC, 451 F.3d 768, 773 (11th Cir. 2006) ("to conflate the meaning of 'consumer report' with 'file' would make the terms redundant").

5. Consistent with this distinction, courts have squarely rejected the notion that a consumer reporting agency satisfies its file-disclosure obligation under § 1681g(a)(1) by furnishing a consumer only a standard credit report. *Nevels v. TransUnion, LLC,* No. 25-CV-3446(GRB)(SIL), 2026 U.S. Dist. LEXIS 99537, at *8–9 (E.D.N.Y. May 5, 2026) (recommending denial of a motion to dismiss a § 1681g(a) claim where the defendant CRA responded to a full file disclosure request with only a "standard credit report," and holding that "a credit file, as Plaintiff requested, is more comprehensive than a simple credit report" and that "merely providing a summary credit report

does not necessarily satisfy a consumer's request for a credit file"), adopted, 2026 U.S. Dist. LEXIS 122087 (E.D.N.Y. June 2, 2026).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

8. Defendant conducts business in the State of Florida, is registered to do business in Florida, and has appointed registered agents in Florida. Personal jurisdiction is therefore proper.

## PARTIES

9. Plaintiff is a natural person residing in Hillsborough County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Defendant Equifax Information Services, LLC is headquartered in Atlanta, Georgia, and does business in the State of Florida through its registered agent Corporation Service Company, located in Tallahassee, Florida.

11. Defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), and they furnish consumer reports to third parties for monetary compensation.

## FACTS
### Harding's June 2026 Consumer Disclosure

12. On June 23, 2026, Plaintiff obtained a copy of her Equifax consumer credit disclosure through www.annualcreditreport.com, the central source.

13. Defendant was required under 15 U.S.C. § 1681g(a) to provide a complete, clear, and accurate disclosure of "all" information in Plaintiff's file.

**Failure To Disclose Files From Affiliated Consumer Reporting Entities**

14. Pursuant to 12 C.F.R. § 1022.136(d), Equifax is obligated to disclose files maintained by its affiliated consumer reporting entities whenever a consumer requests a report through the centralized source, regardless of whether the report is owned by Equifax or by an associated consumer reporting agency. Equifax has the ability to provide, and does provide, consumer reports to third parties containing information maintained by its affiliated consumer reporting entities.

15. Despite this obligation, Defendant provided no affiliated file or disclosure whatsoever in response to Plaintiff's request made through the centralized source. *Cortez v. Trans Union, L.L.C.*, 617 F.3d 688 (3d Cir. 2010) Id. at 711 (CRA may not evade disclosure requirements by "contracting with a third party to store and maintain information that would otherwise clearly be part of the consumer's file"); *Ramirez v. Trans Union, L.L.C.*, 2017 WL 1133161 (N.D. Cal. Mar. 27, 2017) (following *Cortez*).

**Missing Payment Histories, Missing Original Creditors, Missing Account Information, and Missing Account Numbers**

16. Equifax omitted the full account number, omitted account information, and omitted payment history relating to the following tradelines:

- VERIZON WIRELESS - *0001
- LVNV FUNDING LLC - *4491
- UNKNOWN ACCOUNT - *1861
- JEFFERSON CAPITAL LLC - *6266
- SANTANDER CONSUMER USA - *1000
- ATLANTIC CAPITAL BANK SELF - *4757

- CREDIT COLLECTIONS - *3548

17. Equifax omitted the original creditor for the following tradelines:

- LVNV FUNDING LLC - *4491

- UNKNOWN ACCOUNT - *1861

18. Upon information and belief, the creditors reported the full account numbers, missing account information, missing original creditors, and missing payment history belonging to its own respective account with Equifax and this information was contained within Plaintiff's Equifax file at the time of request.

19. When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers, missing account information, missing original creditors, and missing payment history is included in those reports.

20. Upon information and belief, there is substantial information relating to Plaintiff that is contained in Equifax's files that has not been disclosed to her, including but not limited to: (1) information that was previously included in consumer reports furnished to third parties; (2) information that is currently included in consumer reports being furnished to third parties; and (3) information that is retained and capable of being included in future consumer reports furnished to prospective creditors, insurers, or employers, none of which has ever been disclosed to Plaintiff upon her request.

21. The CFPB's 2024 Advisory Opinion expressly requires that a consumer reporting agency disclose to the consumer 'all information the consumer reporting agency provided or might provide to a user,' making clear that the file disclosure obligation reaches information previously furnished to third parties and information capable of being furnished in the future. Consumer Fin. Prot. Bureau, Fair Credit Reporting; File Disclosure, 89 Fed. Reg. 5018, 5024 (Jan. 23, 2024), and Equifax is

obligated to disclose not only the information itself but also the identity of every original source and any intermediary or vendor source from which each item of information was obtained.

22. Equifax's ability to furnish complete account numbers, account information, original creditors, and payment history to third-party creditors and lenders confirms that the omitted information was contained in Plaintiff's file at the time of her request, demonstrating both Equifax's ability to comply with 15 U.S.C. § 1681g(a) and that the omissions from Plaintiff's consumer disclosure were deliberate, not accidental.

23. Having a duty to disclose all information regarding the accounts in Plaintiff's file, Equifax breached this duty by failing to provide complete account numbers, complete account information, original creditors, and complete and accurate payment history as such information is necessary for a consumer to be able to research and evaluate the information contained in their credit file accurately.

24. Absent such information, a consumer is reduced to, at best, playing detective and at worst, guessing as to whether the information in their report is accurate.

25. The Equifax disclosure contains "charge-off" information that stays on the consumers' credit report for up to seven years from the date the account first became delinquent, and they generally have a negative impact on the consumers' credit score.

26. On information and belief, the creditors reported the full account number, full account information, original creditor, and full payment history to Equifax and this information was contained in Equifax's file on Plaintiff at the time of her request for her consumer disclosures.

27. Due to widespread systemic problems, Equifax's automated systems omit multiple digits of account numbers, as well as account information, original creditor names, and payment history

reported by data furnishers. Equifax knows of these errors but, despite such knowledge, have yet to correct them.

28. The failure to disclose complete account numbers, complete account information, complete original creditor names, and complete payment history violates the FCRA's requirement that a consumer reporting agency "shall" upon request, disclose all information contained in a consumer's credit file clearly and accurately. *Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer 'all information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

29. The failure of an entity to provide accurate and truthful information as required by law creates an injury in fact, thus creating standing pursuant to Article III. *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding that an alleged injury to a plaintiff's statutorily created right to truthful housing information was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore, the Article III requirement of injury in fact was satisfied.

30. The lack of accurate and complete account numbers, account information, original creditor identification, and payment history caused Plaintiff great frustration and emotional distress when trying to understand her credit reports and verify them against her own records.

31. Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers

does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of all information in the file."

32. Equifax's omission of complete account numbers, complete account information, complete original creditor identity, and complete payment history greatly decrease a consumer's ability to understand her consumer credit disclosures, identify the accounts, and compare those accounts with her own records.

### Prevalence of Equifax's Incomplete Account Numbers, Incomplete Account Information, Incomplete Original Creditor Identification, and Incomplete Payment History

33. Upon information and belief, the disclosure provided to Plaintiff by Equifax was generated using standardized templates that extract information from a consumer's file and populate that information into pre-programmed fields on a disclosure form.

34. Upon information and belief, those same templates are used virtually every time a consumer requests a file disclosure from Equifax through www.annualcreditreport.com.

35. Upon information and belief, www.annualcreditreport.com is the principal means by which a substantial number of consumers obtain their Equifax disclosures.

36. Disclosures retrieved through www.annualcreditreport.com exhibit the same omissions of account numbers, account information, original creditors, and payment history.

37. As a result, consumers whose accounts appear with missing information in disclosures obtained from Equifax through www.annualcreditreport.com have received disclosures containing the same errors suffered by Plaintiff.

38. On information and belief, these deficiencies have affected thousands of consumers.

39. On information and belief, Equifax has known of these systemic flaws for years and have failed to correct them despite the large number of affected consumers.

40. Equifax's repeat conduct warrants an award of punitive damages.

41. Equifax's failure to disclose all information in Plaintiff's credit file in the free annual disclosure is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the defendant's desire to avoid costs and increase profits.

42. Plaintiff has the right to accurate and complete credit file disclosures upon demand at least once a year without charge. 15 U.S.C. § 1681j.

43. Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived her of this right.

**COUNT 1**
**EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681g(a)(1)**

44. Plaintiff repeats, realleges, and incorporates by reference Paragraphs 1 through 43 as if fully set forth herein.

45. The FCRA requires Equifax, upon request, to "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). A consumer's "file" means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). This definition is broader than the term "consumer report" and the two must not be conflated. *Nunnally v. Equifax Info. Servs., LLC,* 451 F.3d 768, 773 (11th Cir. 2006).

46. Pursuant to 12 C.F.R. § 1022.136(d), Defendant Equifax was required to disclose all files maintained by its affiliated consumer reporting entities in response to Plaintiff's request through the centralized source, regardless of whether Equifax or an affiliate owned the report. Although Equifax had the ability to provide such affiliated-file disclosures and provided consumer reports containing affiliate-maintained information to third parties, it failed to provide Plaintiff with any affiliated file or disclosure. A consumer reporting agency cannot evade its disclosure obligations

by delegating storage or maintenance of file information to affiliated or third-party entities. *Cortez v. Trans Union, L.L.C.*, 617 F.3d 688, 711 (3d Cir. 2010); *Ramirez v. Trans Union, L.L.C.*, 2017 WL 1133161, at *7 (N.D. Cal. Mar. 27, 2017); *Jones v. Equifax, Inc.*, 2015 WL 5092514, at *2 (E.D. Va. Aug. 27, 2015).

47. Accordingly, a consumer reporting agency does not discharge its § 1681g(a)(1) obligation merely by furnishing a consumer a standard credit report in response to a full file disclosure request. *Nevels v. TransUnion, LLC*, No. 25-CV-3446(GRB)(SIL), 2026 U.S. Dist. LEXIS 99537, at *8–9 (E.D.N.Y. May 5, 2026) ("merely providing a summary credit report does not necessarily satisfy a consumer's request for a credit file"), adopted, 2026 U.S. Dist. LEXIS 122087 (E.D.N.Y. June 2, 2026).

48. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's file at the time of her request. Equifax's disclosure masked the full account numbers, omitted account information, omitted original creditor identities, and omitted payment history for each of the tradelines identified, preventing Plaintiff from identifying, understanding, and verifying those accounts against her own records. Equifax's ability to furnish complete account numbers, account information, original creditors, and payment history to third-party creditors and lenders confirms that the omitted information was contained in Plaintiff's file at the time of her request, demonstrating both Equifax's ability to comply with 15 U.S.C. § 1681g(a) and that the omissions from Plaintiff's consumer disclosure were deliberate, not accidental.

49. Equifax's violation of § 1681g(a)(1) occurred on June 23, 2026, when Equifax disclosed Plaintiff's file but omitted full account numbers, account information, and payment history for 7 identified tradelines, and further failed to disclose any file or information maintained by its affiliated

consumer reporting entities, including but not limited to: The Work Number (Equifax Workforce Solutions, LLC), DataX, Ltd., and National Consumer Telecom & Utilities Exchange (NCTUE), in violation of 15 U.S.C. § 1681g(a)(1) and 12 C.F.R. § 1022.136(d).

50. Equifax's omission of full account numbers for specifically identified tradelines is actionable under § 1681g(a)(1). Courts in this district have squarely held that full account numbers fall within the scope of "file" under § 1681g and that their omission states a plausible claim. *Blevins v. Equifax Info. Servs. LLC*, No. 25-cv-23481-BLOOM, 2025 U.S. Dist. LEXIS 266504, at *6–7 (S.D. Fla. Dec. 29, 2025) (denying motion for judgment on the pleadings; holding full account numbers are within "file" under § 1681g; "knowing the original creditor is essential to understanding the origin of a debt and full account numbers enable consumers to cross reference their records"); *Emery v. Equifax Info. Servs., LLC*, No. 8:25-cv-01979-MSS-SPF, 2026 U.S. Dist. LEXIS 80346, at *5–6 (M.D. Fla. Apr. 13, 2026) (denying judgment on the pleadings; allegation that defendant failed to disclose full account numbers and original creditor names is "sufficient to state a claim for § 1681g"). At the motion-to-dismiss stage, it need not be resolved whether Equifax redacted the account numbers itself or whether the furnishers reported truncated numbers to Equifax, the allegation of specific omitted information is enough. *Rawls v. Trans Union, LLC*, No. 1:24-CV-3948-VMC-CCB, 2025 U.S. Dist. LEXIS 150328, at *12–13 (N.D. Ga. Aug. 5, 2025), adopted, 2025 WL 3567186 (N.D. Ga. Sept. 17, 2025); *Washington v. Equifax*, No. 3:19-cv-00154, 2019 WL 2443126, at *2–3 (M.D. Tenn. June 12, 2019) ("In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.").

51. Equifax's omission of complete payment history is independently actionable. Payment histories are substantive data reported to Equifax by third-party data furnishers and fall squarely within the

broad definition of "file" under § 1681a(g). *Banks v. Equifax Info. Servs. LLC,* No. 5:25-CV-00111-JRG-JBB, 2026 U.S. Dist. LEXIS 46699, at *15–17 (E.D. Tex. Feb. 9, 2026) (rejecting argument that payment history falls outside § 1681g and holding "the court sees no reason why the full account numbers, internal data, and payment history are not part of the consumer file as alleged"); *Harris v. TransUnion, L.L.C.* ("Harris II"), No. 1:25-CV-192-MLB-JKL, 2025 WL 3306434, at *7 (N.D. Ga. Oct. 20, 2025) ("Plaintiff has identified specific information: account numbers and/or payment histories, that were truncated or missing from specific accounts in Defendant's disclosure of her consumer file . . . Plaintiff has plausibly alleged that Defendant failed to disclose information in violation of § 1681g(a)(1)."). This is categorically different from purely internal record-keeping mechanisms such as purge dates which may fall outside § 1681g's scope. *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 910 (7th Cir. 2007); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 712 (3d Cir. 2010).

52. A claim under § 1681g(a)(1) does not require a showing of inaccuracy in reporting. Section 1681g(a)(1) imposes an independent duty of complete disclosure that is distinct from the accuracy obligations in §§ 1681e(b) and 1681i. *Emery*, 2026 U.S. Dist. LEXIS 80346, at *4–5 ("The requirements to state a claim under § 1681g(a)(1) are not the same as those for § 1681e(b) . . . nor are they the same as § 1681i."); *Blevins*, 2025 U.S. Dist. LEXIS 266504, at *3–4 ("§ 1681g(a)(1) of the FCRA does not require a plaintiff to show an inaccuracy in reporting to establish a violation of the disclosure provision itself.").

53. Section 1681g(a)(1) likewise contains no creditworthiness exception. The plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any carve-out based on creditworthiness. *Blevins*, 2025 U.S. Dist. LEXIS 266504, at *7 ("the plain language of § 1681g establishes an obligation to disclose all information in the consumer's file without any

exception based on credit worthiness"); *Emery*, 2026 U.S. Dist. LEXIS 80346, at *5–6; Banks, 2026 U.S. Dist. LEXIS 46699, at *17 (holding that even assuming a narrower creditworthiness interpretation applied, "the omission of payment history on tradelines would bear on creditworthiness"); *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022) (finding alleged violations of § 1681g sufficient to confer standing, noting the disclosures at issue were necessary for informed decision-making).

54. Equifax's violations were willful within the meaning of 15 U.S.C. § 1681n. Equifax has known of the systemic deficiencies in its automated disclosure templates for years, knew those deficiencies resulted in incomplete disclosures to consumers nationwide, and intentionally failed to correct them to reduce costs and increase profits. *Banks*, 2026 U.S. Dist. LEXIS 46699, at *13–14 (finding willfulness adequately alleged where plaintiff alleged the defendant's conduct was "knowing and repeated," "intentional," and that it "has known of the issues for years but has done nothing to fix them"); *Blevins*, 2025 U.S. Dist. LEXIS 266504, at *3 (S.D. Fla.) (same allegations found sufficient to allege willfulness warranting statutory and punitive damages under § 1681n).

55. Equifax is therefore liable to Plaintiff under 15 U.S.C. § 1681n for statutory damages of $100 to $1,000 per violation, actual damages, punitive damages, and costs for willful noncompliance, or alternatively under 15 U.S.C. § 1681o for actual damages and costs for negligent noncompliance.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant Equifax Information Services, LLC., and that the Court award:

1. Actual damages pursuant to 15 U.S.C. § 1681o and/or § 1681n in an amount to be determined at trial;

2. Statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n;

3. Punitive damages pursuant to 15 U.S.C. § 1681n;

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) and/or § 1681n(a)(3), calculated using the lodestar method;

5. Any other relief the Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: July 14, 2026

Respectfully submitted,
**Designated Lead Counsel**
/s/ Daniel Lenghea
Daniel Lenghea, Esq.
FL BAR ID: 86508
66 W Flagler Street
The Concord Building
Suite 900
Miami, FL 33130
Phone: (305) 848-9700
Direct: (305) 343-6707
Email: daniel@lenghea.com
*Lead Attorney for Plaintiff*

## FL R USDCTMD AI Use Certification

To the extent that generative AI was used in any drafting of the filing, that any language drafted by AI--even if later edited by a human--was personally reviewed by the filer and that all legal citations reference actual, non-fictitious cases or cited authority and accurately reflect the contents of such authority.

/s/ Daniel Lenghea
Daniel Lenghea, Esq